IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

G. Thomas Thornton and Betty        :
Thornton,
                                    :    Civil Action 2:09-cv-585
                Plaintiffs
                                    :    Judge Holschuh
    v.
                                    :    Magistrate Judge Abel
Ignazio Cangialosi,
                                    :
                Defendant
                                    :

**ORDER**

This matter is before the Magistrate Judge on defendant Ignazio Cangialosi's

September 18, 2009 motion to stay proceedings (doc. 7).

**I.        Background**

Prior to August 18, 2005, plaintiffs G. Thomas and Betty Thornton were the sole

shareholders of the Premium Glass Company, Inc. ("Premium"), and defendant Nick

Cangialosi was the sole shareholder of Taylor Building Products, Inc. ("Taylor").  In

August 2005, the parties entered into a series of agreements.  The agreements included

the provision that Cangialosi was to purchase 100% of the stock of Premium in

exchange for 10% of the stock in Taylor. The parties also entered into a Stock

Redemption Agreement ("SRA"), under which plaintiffs' shares in Taylor were to be

put or called under certain circumstances as defined by the SRA.

1

Plaintiffs filed an action in the Fairfield County Court of Common Pleas with respect to the Taylor/Premium transactions. In the state court case, the amended complaint asserted claims against several defendants arising out of the Taylor/Premium transaction. The allegations concerning the SRA are at the crux of defendant's motion to stay. The amended complaint states, in pertinent part:

> FIRST CAUSE OF ACTION - DEFENDANTS PREMIUM GLASS COMPANY, INC. AND TAYLOR BUILDING PRODUCTS, INC.
> . . .
> Count Two - Breach of Redemption Agreement for Minority Shareholders
> 19.     Plaintiffs incorporate herein by reference as if fully set forth all of the allegations contained in Paragraphs 1 through 18 of the Complaint.
> 20.     Plaintiffs further state, that pursuant to the terms of the Stock Redemption Agreement, Cangialosi was required to buy all of Plaintiffs' shares in Taylor in the event of the termination of the employment of Plaintiff, G. Thomas Thornton.
> 21.     Plaintiffs state that, since the employment of Plaintiff, G. Thomas Thornton, was terminated on November 3, 2007, Cangialosi was required, pursuant to the Stock Redemption Agreement, to purchase Plaintiffs' 10% share of stock in Taylor in accordance with the payment schedule set forth in Paragraph 5 of the Stock Redemption Agreement.
> 22.     Plaintiffs state that the termination of the employment of Plaintiff, G. Thomas Thornton, as set forth herein, without reference to the repurchase obligations provided for in the Stock Redemption Agreement constitutes an anticipatory breach of the Stock Redemption Agreement and Plaintiffs are entitled to damages as a result of said breach in an amount in excess of Two Million Dollars.

Doc. 11 at 15-16.

The trial court held that count two of plaintiffs' first cause of action in the amended complaint only asserted a claim against Taylor/Premium and not Cangialosi. Cangialosi also maintained that the plaintiffs' allegations concerning a breach of the

SRA were not directed towards him. Taylor/Premium filed a motion for summary judgment on the breach of the SRA on the basis that they were not parties to the agreement, which the state court granted. Plaintiffs sought reconsideration of the state court's decision, which was denied. Thereafter, the parties entered into a Judgement Entry memorializing the dismissal with prejudice of the breach of the SRA claim as to Taylor/Premium and the dismissal of the breach of the SRA claim without prejudice against Cangialosi.

On July 28, 2009, plaintiffs filed a notice of appeal of the Fairfield County Court's decision denying plaintiffs' motion to file a third amended complaint against Cangialoso as a party to the breach of the SRA and entering summary judgment in favor of Taylor/Premium on the breach of the SRA claim.

On July 31, 2009, plaintiffs filed an amended complaint in this Court against defendant Cangialoso, alleging causes of action that specifically arise from the breach of the SRA.

## II.     Arguments of the Parties

### A.     Defendant Cangialosi

Defendant Ignazio Cangialosi requests that the proceedings in this Court be stayed pending resolution of plaintiffs' appeal involving the same parties and issues in the Court of Appeals of Ohio, Fifth District. Defendant maintains that plaintiffs did not receive the outcome in state court on their contract claim that they desired. As a result,

defendants contend that plaintiffs are attempting to take a second, and possibly a third, bite at the apple by reasserting those same claims against the same party in this Court.

Cangialosi maintains that the claims and issues in the appeal and in this Court are identical. Defendant argues that staying this case is necessary to avoid duplicative litigation because a parallel "substantially similar" state court action exists and remains pending. Both the state and federal case involve the same parties, facts, and legal issues, and the potential for inconsistent results is likely. Cangialosi maintains that as a resident of New Jersey, he would be greatly inconvenienced if compelled to litigate the same issues in two different courts in Ohio. Defendant further argues that plaintiffs have only sought recourse in this Court because they were unhappy with the rulings of the state court.

### B.      Plaintiffs G. Thomas Thornton and Betty Thornton

Plaintiffs argue that the pendency of an action in state court is no bar to proceedings concerning the same matters in federal court. Although the Supreme Court has recognized circumstances when it may be appropriate for the federal court to abstain, none of these circumstances are present in this case.

Plaintiffs maintain that the federal matter and the state court appeal are not parallel. In the underlying state action, plaintiffs brought their claim against defendant Cangialosi for a breach of the SRA, but the trial judge mistakenly granted summary judgment as to Taylor/Premium on this particular count. The allegations concerning the SRA were under the heading that referred to defendants Taylor/Premium, but the

allegations specifically concerned only Cangialosi. As to defendant Cangialosi, the dismissal was without prejudice.

On appeal, plaintiffs argue that the trial court erred in granting summary judgment to Taylor/Premium as to the SRA claim because there was no case in controversy against Taylor/Premium as to that issue. Plaintiffs maintain that there are no substantive issues pending in the Court of Appeals concerning the interpretation of the SRA or whether Taylor/Premium breached that agreement as plaintiff concedes that Taylor/Premium were never parties to the agreement. Plaintiff also maintain that the appeal also does not concern defendant Cangialosi's obligations under or alleged breach of the SRA. Plaintiffs only seek a ruling from the appellate court that the trial court misinterpreted the pleadings based upon a technical caption error as opposed to a substantive reading of the complaint.

Plaintiffs further argues that defendant does not satisfy the criteria outlined in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

### III. Discussion

Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 815. A federal court should only stay actions in "exceptional circumstances." *Id.* (citation omitted). Generally, the pendency of a state court action does not bar a proceeding concerning the same matter in federal court. *Id.* at 818.

Under the *Colorado River* doctrine,[1] "a federal court may abstain from exercising its subject matter jurisdiction due to the existence of a concurrent state court proceeding, based on consideration of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of the litigation."*PaineWebber Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001). In *Colorado River*, the Supreme Court outlined the following factors to consider when determining whether abstention is proper: (1) whether a court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; and (3) the desirability of avoiding piecemeal litigation. *Colorado River*, 424 U.S. at 818-19. In subsequent cases, the Supreme Court identified additional factors to be weighed in the balance: (4) whether the source of governing law is state or federal; (5) the adequacy of the state court action to protect the federal plaintiff's rights; (6) the relative progress of the state and federal proceedings; and, (7) the presence or absence of concurrent jurisdiction. *Romine v. Compuserve Corp,.* 160 F.3d 337, 341 (6th Cir. 1998). No one factor is determinative, and "[o]nly the clearest of justifications will warrant dismissal." *Colorado River,.* at 819.

---

[1] In addition to articulating the *Colorado River* doctrine, the United States Supreme Court outlined three general categories appropriate for abstention. These categories, however, are not present in this case. First, abstention is appropriate when a state court determination of pertinent state law might moot a federal constitutional issue. *Id.* at 815. Second, the presence of "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar" makes a case appropriate for abstention. *Id.* Finally, federal courts also may abstain in when the purpose for invoking federal jurisdiction is to restrain state criminal proceedings. *Id*. at 816.

Before the *Colorado River* doctrine can be applied, however, the court must determine whether the concurrent state and federal actions are actually parallel. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). "'[E]xact parallelism' is not required; '[i]t is enough if the two proceedings are substantially similar.'" *Id.* at 340 (citations omitted).

Here, the cases are not parallel as they currently stand. Although plaintiff attempted to raise a claim for the breach of SRA against defendant Cangialosi, the state trial court concluded that no such claim was brought against him. In the state court proceeding, Cangialosi maintained that position as well. As Taylor/Premium was not a party to the SRA, any purported claim against them for breach of the SRA was dismissed by the state trial court. Plaintiffs attempted to remedy what they characterize as simply an error in drafting the caption, but the state trial court denied their motion to amend. Plaintiffs' appeal argues that it was error for the trial court to grant summary judgment against defendants Taylor/Premium on their claim for breach of the SRA when no such claim was brought against them. For purposes of this case, however, plaintiffs have not raised this claim against Cangialosi in the state court proceeding as it currently stands.

Because I conclude that the cases are not parallel, examination of the factors under the *Colorado River* doctrine is not necessary. For the reasons stated above, defendant Ignazio Cangialosi's September 18, 2009 motion to stay proceedings (doc. 7) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge